# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

| | | |
|---|---|---|
| SafeRack, LLC, | ) | Civil Action No. 2:17-cv-1613-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Bullard Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Bullard Company's ("Bullard") motion to stay proceedings. (Dkt. No. 28.) For the reasons set forth below, the Court denies the motion.

## I. Background

On June 20, 2017, Plaintiff SafeRack, LLC ("SafeRack") filed a Complaint in this Court alleging that Bullard's use of the color orange on its fall protection equipment constituted trademark infringement, trade dress infringement and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a). (Dkt. No. 1 at ¶¶ 25 – 41.) SafeRack also alleged that Bullard engaged in unfair competition and unfair enrichment under South Carolina law. (Dkt. No. 1 at ¶¶ 42 – 51.) Discovery is scheduled to close in this case on September 1, 2018 with trial beginning on or after December 1, 2018. (Dkt. No. 35.)

On June 27, 2018, over one year after this case was filed, Bullard filed a Petition to Cancel SafeRack's registration of U.S. Trademark No. 5211514 for the Color Orange at the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO"). (Dkt. No. 28 at 1.) Discovery in the case before the TTAB is not scheduled to close until March 9, 2019, with the final briefing of the case not complete until January 3, 2020, at the earliest. (Dkt. No. 28 at 1 – 2.)

Bullard now moves to stay these proceedings pending the decision by the TTAB regarding SafeRack's Color Orange Trademark. (Dkt. No. 28.) SafeRack filed a Response, and Bullard filed a Reply. (Dkt. Nos. 34; 36.) In their Reply, Bullard requested permission to amend their answer. (Dkt. No. 36 at 5.)

## II. Legal Standard

A court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936). When considering a motion to stay, the court should consider: "(1) whether discovery is complete and a trial date is scheduled; (2) whether a stay would simplify the matters at issue; and (3) whether a stay would unduly prejudice or clearly disadvantage the non-moving party." *NAS Nalle Automation Sys., LLC v. DJS Sys., Inc.*, No. CV 6:10-2462-TMC, 2011 WL 13141594, at *1 (D.S.C. Nov. 23, 2011). Regardless, to issue a stay, "a court must be satisfied that a pressing need exists, and that need outweighs any possible harm to the interests of the non-moving party." *Id.* citing *Landis*, 299 U.S. at 255.[1]

## III. Discussion

### A. Motion to Stay

---

[1] The Parties disagree over the proper standard to be applied when reviewing this motion for a stay. Bullard asks the Court to apply a three-part test from a case regarding a motion to stay pending transfer proceedings. *See Murphy-Pittman v. DePuy Orthopaedics, Inc.*, No. 3:12-CV-3179-JFA, 2012 WL 6588697, *1 (D.S.C. Dec. 17, 2012). SafeRack asks the Court to apply a standard from a District of Maryland patent infringement case. *See In re Webvention LLC '294 Patent Litig.*, 868 F. Supp. 2d 500, 504 (D. Md. 2012). The Court previously articulated a similar test to the one from the District of Maryland, quoted above, when examining whether to stay patent litigation pending reexamination. While the case presented here is not a patent case, and instead involves Lanham Act trademark claims and a parallel Petition to Cancel a Trademark before the TTAB, the Court finds the test used for parallel patent proceedings before the USPTO to be instructive.

### i. Stage of Litigation

This case has been pending for over a year, and is scheduled to complete discovery on September 1, 2018. (Dkt. No. 35.) The parties have already served and responded to discovery requests, and at least eight depositions are scheduled to be completed before the close of discovery. (*Id.*) The case already has a trial date set for on or after December 1, 2018. (Dkt. No. 35.) The TTAB proceeding, on the other hand, was just initiated and is not scheduled to resolve until, at the earliest, January 2020. The stage of litigation weighs against a stay pending resolution of the proceedings before the TTAB.

### ii. Simplification of the Matters at Issue

Staying the proceeding in this case would not simplify the matters at issue. Unlike in a patent infringement case with a parallel USPTO reexamination proceeding, Lanham Act claims brought before a court cannot be resolved by the USPTO, especially where there are claims for damages or related state law claims. While this Court has not yet had the opportunity to opine on the issue, a number of Courts of Appeal, and at least one district court in the Fourth Circuit, have recognized that Lanham Act cases often "involve[] claims that the TTAB cannot directly resolve" and "where a district court suit concerns infringement, the interest in prompt adjudication far outweighs the value of having the views of the [TTAB]." *Duke Univ. v. Universal Prod. Inc.*, No. 1:13CV701, 2014 WL 1795708, at *5 (M.D.N.C. May 6, 2014) *citing Goya Foods, Inc. v. Tropicana Prod., Inc.*, 846 F.2d 848, 853 (2d Cir. 1988). Notably, this is not a case involving merely whether a trademark should be registered, an issue squarely in the purview of the TTAB. (Dkt. No. 1.) Instead, Plaintiffs here bring claims for infringement and unfair competition, seeking both damages and injunctive relief. (*Id.*) These issues, therefore, would not be significantly simplified by waiting for the resolution of the TTAB proceedings. *See Goya Foods, Inc. v.*

*Tropicana Prod., Inc.*, 846 F.2d 848, 854 (2d Cir. 1988) ("These presumptions [raised by the registration of a trademark] are nonetheless rebuttable, and by obtaining (or resisting cancellation of) a federal registration a party does not significantly affect the course of an infringement action.").

The First Circuit and Ninth Circuits have adopted this approach as well, finding that Lanham Act claims should proceed in court even where there are parallel TTAB proceedings. *See Rhoades v. Avon Prod.*, Inc., 504 F.3d 1151, 1165 (9th Cir. 2007) ("On the other hand, if, as here, a potential infringement claim 'requires the district court to resolve much or all of [the registration issues], it would waste everyone's time not to settle the registration issue now[, in district court].'") (citations omitted); *PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75, 81 (1st Cir. 1996) ("But where an infringement claim is also present and is going to be considered promptly by the court, it normally makes sense for the court to resolve a companion validity claim [pending before the TTAB] at the same time, if the issues underlying the two claims overlap to an extent that makes this course sensible."). The Court also finds persuasive the reasoning by the magistrate judge in *Duke Univ. v. Universal Prod. Inc.*, No. 1:13CV701, 2014 WL 1795708, at *4 (M.D.N.C. May 6, 2014), where the court, relying on *Goya*, *Rhoades* and *PHC, Inc.*, denied a motion to stay proceedings pending a decision by the TTAB. Granting a stay would therefore not simplify the matters at issue.

### iii. Prejudice to SafeRack and Bullard's Pressing Need for a Stay

As SafeRack accurately notes, their claims for damages and an injunction are not pending before the TTAB, and indeed the TTAB does not have authority to provide legal or equitable relief. *See Duke Univ. v. Universal Prod. Inc.*, No. 1:13CV701, 2014 WL 1795708, at *3 (M.D.N.C. May 6, 2014) ("the [TTAB] cannot give relief for an infringement claim, either injunctive or by way of damages.") *quoting PHC, Inc. v. Pioneer Healthcare, Inc.*, 75 F.3d 75,

80 (1st Cir. 1996). TTAB further cannot adjudicate SafeRack's claims under state law. SafeRack would therefore suffer significant prejudice if they are forced to wait at least 18 months, if not longer, to proceed with their claims before this Court.

Bullard furthermore cannot demonstrate any "pressing need" for a stay. *See Landis v. N. Am. Co.*, 299 U.S. 248, 255, 57 S. Ct. 163, 166 (1936) ("the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else."); *NAS Nalle Automation Sys., LLC v. DJS Sys., Inc.*, No. CV 6:10-2462-TMC, 2011 WL 13141594, at *1 (D.S.C. Nov. 23, 2011) ("a court must be satisfied that a pressing need exists...."). Bullard's attempt to demonstrate such a pressing need is belied by the fact that it waited over one year to initiate the proceedings before the TTAB. Furthermore, while Bullard argues that the parallel proceedings may lead to inconsistent results, it acknowledges that the ultimate decision before the TTAB "is a decision that would also need to be made by this Court." (Dkt. No. 28 at 4.) It is therefore unclear why there is a pressing need to wait for an agency to determine an ultimate issue that this Court similarly must assess. Therefore, Bullard's motion for a stay is denied.

### B. Motion to Amend

Bullard, in its Reply, argued for the first time that if its motion to stay is denied, the Court should permit Bullard to amend its answer to file a counterclaim of cancellation of SafeRack's Color Orange Trademark. As a general rule, "[n]ew arguments ordinarily cannot be raised in reply briefs." *Hampton Hall, LLC v. Chapman Coyle Chapman & Assocs. Architects AIA, Inc.*, No. CV 9:17-1575-RMG, 2017 WL 6622508, at *3 (D.S.C. Dec. 27, 2017). The rule, while generally discussing new legal arguments, is appropriate here as well where Bullard seeks to make a new motion in its Reply, thereby circumventing SafeRack's opportunity to respond. If

Bullard wishes to amend its answer, it should file a separate motion under Rule 15(a)(2) identifying why "justice so requires" when this case is less than one month away from the close of discovery and, as Bullard acknowledged in their Reply, it has had the facts necessary to assert affirmative defenses addressing the "validity of the trademark to the color orange" since at least August 3, 2017, when Bullard filed their answer. (Dkt. No. 36 at 4.)

## IV. Conclusion

For the foregoing reasons, the Court **DENIES** Bullard's motion to stay proceedings (Dkt. No. 28).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 3, 2018
Charleston, South Carolina