IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SafeRack, LLC, | ) | Civil Action No. 2:17-cv-1613-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Bullard Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Plaintiff SafeRack, LLC's motion for attorneys' fees and costs. (Dkt. No. 67). For the reasons set forth below, the Court grants in part and denies in part the motion.

I. **Background**

Plaintiff SafeRack, LLC ("SafeRack") alleged that Defendant Bullard Company's ("Bullard") use of orange on "gangways, railings, and gates" infringed on its trademark and trade dress and constituted unfair competition in violation of the Lanham Act and the South Carolina Unfair Trade Practices Act ("SCUTPA"). SafeRack also brought a claim for unjust enrichment. The Court granted in part and denied in part summary judgment in favor of SafeRack on November 28, 2018. (Dkt. No. 65.) Importantly, the Court granted summary judgment in favor of SafeRack on its trademark infringement claim. (Dkt. No. 65 at 18 – 19.) SafeRack now moves for attorneys' fees in the amount of $237,824.00 and costs in the amount of $19,907.18. (Dkt. No. 67.) Bullard opposes the motion. (Dkt. No. 69.)

II. **Legal Standard**

Under the Lanham Act, a "court in exceptional cases may award reasonable attorney fees to the prevailing party." 15 USC § 1117(a). For a case to be exceptional, it must be one that

"stands out from others[.]" *Georgia-Pac. Consumer Prod. LP v. von Drehle Corp.*, 781 F.3d 710, 720 (4th Cir. 2015), *as amended* (Apr. 15, 2015) *citing Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1756 (2014) (internal citations and quotations omitted). In making this determination, the Fourth Circuit held that a case is "exceptional" for purposes of attorneys' fees when, in light of the totality of the circumstances, a court determines that:

> (1) there is an unusual discrepancy in the merits of the positions taken by the parties, based on the non-prevailing party's position as either frivolous or objectively unreasonable; (2) the non-prevailing party has litigated the case in an unreasonable manner; or (3) there is otherwise the need in particular circumstances to advance considerations of compensation and deterrence.

*Id.* at 721. *See also Exclaim Mktg., LLC v. DirecTV, LLC*, 674 F. App'x 250, 260 (4th Cir. 2016) (applying same standard to assessing attorneys' fees for prevailing plaintiff). A party must demonstrate that a case was exceptional by a preponderance of the evidence. *See Verisign, Inc. v. XYZ.COM LLC*, 891 F.3d 481, 485 (4th Cir. 2018).

### III. Discussion

To begin with, SafeRack is clearly a prevailing party in this case as the Court granted summary judgment on SafeRack's trademark infringement claim and enjoined Bullard from future infringement of SafeRack's trademark. (Dkt. No. 65.) Therefore, the Court must assess whether this case is "exceptional."

#### A. Attorneys' Fees

##### 1. Merits of Parties' Positions

First, under the framework adopted by the Fourth Circuit, the Court must examine whether there was an "unusual discrepancy" between the Parties' positions because the "non-prevailing party's position [w]as either frivolous or objectively unreasonable." *See Georgia-Pacific Consumer Prods. LP*, 781 F.3d at 721 (citations omitted). To begin with, SafeRack argues that

trademark cases are *per se* complex, especially when applied to a trademark of a single color. (Dkt. No. 67 at 8.) However, this ignores the fact that Lanham Act claims inherently deal with trademarks, yet the statute nonetheless requires a showing that the case is "exceptional" to support an award of attorneys' fees. Similarly, SafeRack argues that this case is exceptional because, after Bullard ceased selling orange gangways, SafeRack was nonetheless "forced…to pursue this litigation until the end." (*Id.* at 9.) Yet, SafeRack's position would essentially penalize a party for defending itself, and Bullard's decision to cease selling orange gangways does not negate the fact that the parties had a *bona fide* dispute about whether the color Bullard used and the placement of the color on its railings and gangways constituted trademark infringement.

Finally, SafeRack argues that Bullard's legal positions were untenable, focusing on Bullard's ultimately unsuccessful argument that the shades of orange employed by Bullard was sufficiently different from the one used by SafeRack. (*Id.* at 9 – 10.) SafeRack also identifies a number of Bullard's unsupported affirmative defenses, such as its argument that SafeRack "abandoned" its mark and that SafeRack committed fraud against the USPTO. (Dkt. Nos. 67 at 10; 70 at 3.) However, while these arguments were without merit, the Court cannot find that, in totality, Bullard's position was unreasonable or frivolous.

Instead, based on Bullard's partial success on some claims and key arguments, there was no "unusual discrepancy in the merits of the positions" taken by SafeRack versus Bullard. Indeed, while Bullard advanced some weakly supported arguments, such as those highlighted by SafeRack in their motion, SafeRack presented weak positions as well. Of particular note, SafeRack presented a claim for unjust enrichment that was ultimately never briefed or argued before the Court. (Dkt. Nos. 1; 50-1.) Furthermore, SafeRack spent pages of its briefs discussing Bullard's non-infringing Mobile Access Platform ("MAP") and demanded $1,750,000 in damages based on

sales of the MAP. (Dkt. No. 50-1 at 31.) Ultimately, the Court denied SafeRack's claims for damages and granted Bullard summary judgment on the unjust enrichment claim. Therefore, the Court cannot say that there was an "unusual discrepancy" in SafeRack versus Bullard's positions, and instead this was a non-exceptional trademark case in which one party prevailed.

   *2. Unreasonable Manner of Litigation*

The second factor asks whether Defendant Bullard litigated this case in an unreasonable manner. *Georgia-Pacific Consumer Prods. LP*, 781 F.3d at 721. "Typically, this prong is satisfied where the non-prevailing party engages in some form of egregious conduct, such as filing false declarations or attempting to re-litigate issues decided prior to trial." *Biltmore Co. v. Nu U, Inc.*, No. 1:15-CV-00288-MR, 2018 WL 523378, at *3 (W.D.N.C. Jan. 22, 2018*) citing Exclaim Mktg., LLC v. DirecTV, LLC*, No. 5:11-CV-684-FL, 2015 WL 5725703, at *8 (E.D.N.C. Sept. 30, 2015), *aff'd in part*, 674 F. App'x 250 (4th Cir. 2016). The Supreme Court has further recognized that awarding fees under this test is appropriate "in *the rare case* in which a party's unreasonable conduct—while not necessarily independently sanctionable—is nonetheless so 'exceptional' as to justify an award of fees." *Octane Fitness, LLC*, 572 U.S. at 555 (emphasis added).

SafeRack points to two "aggressive" actions by Bullard to demonstrate that the case was exceptional: first, that Bullard filed a cancellation petition with the USPTO near the end of discovery and sought to stay this case, and; second, that Bullard attempted to depose one of SafeRack's attorneys. (Dkt. Np. 67 at 10 – 11.) While both of these actions are aggressive litigation tactics, "conduct triggering relief must go beyond an aggressive litigation strategy." *Intellectual Ventures I LLC v. Capital One Fin. Corp.*, No. 1:13CV0740 (AJT/TCB), 2015 WL 7283108, at *6 (E.D. Va. Nov. 17, 2015) (construing the Supreme Court's test in *Octane Fitness* and the identical attorneys' fees provision in 35 U.S.C. § 285). However, Bullard's motion to stay

based on the cancellation petition in the USPTO was an issue of first impression in this District, and the Fourth Circuit had yet to rule on the issue. The notice of deposition to SafeRack's trademark attorney was similarly aggressive, yet this single instance of seeking protected discovery does not indicate that Bullard litigated this case unreasonably overall. *See Exclaim Mktg., LLC*, 2015 WL 5725703, at *8 (E.D.N.C. Sept. 30, 2015) ("Although DirecTV highlights some questionable discovery conduct on the part of Exclaim…there is no evidence that the case as a whole was litigated unreasonably."). Therefore, the Court does not find that the manner in which the case was litigated makes the case exceptional.

### 3. *Compensation or Deterrence*

Finally, the Court must determine whether attorneys' fees are warranted "to advance considerations of compensation and deterrence." *Georgia-Pacific Consumer Prods. LP*, 781 F.3d at 721. First, regarding compensation, Bullard showed the infringing products at a single tradeshow and never sold an infringing product. Therefore, attorneys' fees are not needed as compensation. *See Biltmore Co. v. Nu U, Inc.*, No. 1:15-CV-00288-MR, 2018 WL 523378, at *3 (W.D.N.C. Jan. 22, 2018) (finding no need for compensation where "there was no evidence that the Plaintiff in fact suffered anything more than nominal harm as a result of the infringement. The Plaintiff also presented no evidence of actual confusion from any member of the purchasing public."). Second, there is no need for deterrence in the present case. Bullard ceased selling the infringing items at the outset of this case and an injunction provides an assurance that Bullard will not infringe on SafeRack's trademarks in the future.

Overall, SafeRack seeks compensation for bringing a lawsuit and largely prevailing against Bullard. However, as the district court recognized on remand from the Fourth Circuit in *Georgia-Pacific*, "there is nothing exceptional about one party prevailing over the other in litigation[.]"

*Georgia-Pac. Consumer Prod. LP v. Von Drehle Corp.*, No. 5:05-CV-478-BO, 2015 WL 7306545, at *4 (E.D.N.C. Nov. 19, 2015). Instead, this is a case where both parties had both successful, and unsuccessful, legal arguments and both parties prosecuted the case aggressively. This is not to say that Bullard did not make some unsuccessful and poorly supported arguments, or that it did not take some aggressive litigation tactics. However, the Supreme Court requires looking at whether a case is "exceptional" under the "totality of the circumstances," and given Bullard's partial success, including success in key components of their case such as excluding SafeRack's expert and prevailing on actual damages, the Court holds that this case is not "exceptional" under § 1117(a) and therefore SafeRack is not entitled to attorneys' fees.[1]

### B. Costs of Action

While SafeRack is not entitled to attorneys' fees, under 15 U.S.C. § 1117(a) a prevailing plaintiff is entitled to recover "the costs of the action." "[T]he Fourth Circuit held that a district court does not abuse its discretion by limiting the award of costs to those recoverable under § 1920." *Selee Corp. v. McDanel Advanced Ceramic Techs.*, LLC, No. 1:15-CV-00129-MR, 2017 WL 3122565, at *6 (W.D.N.C. July 21, 2017) *citing People for Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 371 (4th Cir. 2001). Consistent with 28 U.S.C. § 1920, while SafeRack is entitled to costs, some of their requested costs are impermissible. First, SafeRack seeks $2,593.75 related to mediating the case. (Dkt. No. 67-5.) However, mediator fees are not taxable.

---

[1] The Court also granted SafeRack summary judgment on their claim under the South Carolina Unfair Trade Practices Act, S.C. Code Ann. § 39-5-10, *et seq.* (Dkt. No. 65 at 21.) However, the "SCUPTA requires an ascertainable loss of money before an award of attorney's fees." *Nutramax Labs., Inc. v. Vitamin Boat Corp.*, No. CV 0:17-2081-DCC-SVH, 2018 WL 4190069, at *2 (D.S.C. Aug. 9, 2018), *report and recommendation adopted sub nom. Nutramax Labs., Inc. v. Vitamin Boat Corp*, No. 0:17-CV-2081-DCC, 2018 WL 4181489 (D.S.C. Aug. 31, 2018). *See* S.C. Code Ann. § 39-5-140(a). Therefore, since SafeRack failed to demonstrate any ascertainable loss of money, it is not entitled to attorneys' fees under the SCUTPA as well.

*See, e.g. AM Properties v. Town of Chapel Hill*, 202 F. Supp. 2d 451, 456 (M.D.N.C. 2002). Additionally, SafeRack seeks $1,839.32 in fees for the travel and lodging for their counsel during depositions. (Dkt. No. 67-5.) However, travel expenses for counsel is not a taxable expense. *See Lasher v. Day & Zimmerman Int'l, Inc.*, No. CIV A 6:06-1681-WMC, 2008 WL 4449953, at *2 (D.S.C. Sept. 26, 2008); *AM Properties v. Town of Chapel Hill*, 202 F. Supp. 2d 451, 455 (M.D.N.C. 2002). Finally, SafeRack seeks $39.98 in costs to purchase an exhibit for a deposition. (Dkt. No. 67-5.) This similarly is not a taxable expense.

The remaining expenses, $15,434.13, consisting of court reporter fees, travel expenses for court reporters, video conferencing fees for depositions and transcript fees, are taxable. Therefore, pursuant to 15 U.S.C. § 1117(a), the Court awards SafeRack $15,434.13 in costs.

**IV.  Conclusion**

For the reasons above, Plaintiff SafeRack, LLC's motion for attorneys' fees and costs (Dkt. No. 67) is **GRANTED IN PART** and **DENIED IN PART**.  SafeRack's motion for attorneys' fees is **DENIED**.  SafeRack's motion for costs is **GRANTED**, and the Court **AWARDS** $15,434.13 in Costs to SafeRack.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 5, 2019
Charleston, South Carolina