IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| SafeRack, LLC, | ) | Civil Action No. 2:17-cv-1613-RMG |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| Bullard Company, | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Bullard Company's motion for reconsideration (Dkt. No. 68). For the reasons set forth below, the Court denies the motion.

I. **Background**

Plaintiff SafeRack, LLC ("SafeRack") alleged that Defendant Bullard Company's ("Bullard") use of orange on "gangways, railings, and gates" infringed on its trademark and trade dress and constituted unfair competition in violation of the Lanham Act and the South Carolina Unfair Trade Practices Act ("SCUTPA"). SafeRack also brought a claim for unjust enrichment. The Court granted in part and denied in part summary judgment in favor of SafeRack on November 28, 2018. (Dkt. No. 65.) Importantly, the Court granted summary judgment in favor of SafeRack on its trademark infringement claim under the Lanham Act. (Dkt. No. 65 at 18 – 19.) Bullard now moves for reconsideration. (Dkt. No. 68.)

II. **Legal Standard**

Rule 59(e) of the Federal Rules of Civil Procedure governs motions to alter or amend a judgment; however, the rule does not provide a legal standard for such motions.[1] The Fourth

---

[1] Defendant Bullard, in their motion, additionally cited the standard for reconsideration under Rule 54(b). However, this motion is reviewed under the standard applied to Rule 59, and Rule 54(b) is inapplicable here as the Court's Order (Dkt. No. 65) was a final judgment on all claims.

Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) *citing EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted). The decision to alter or amend a judgment is reviewed for an abuse of discretion. *Id.* at 402.

### III. Discussion

None of the justifications for reconsideration are present here. There is no intervening change in controlling law since the Court's November 28, 2018 ruling. Further, Defendant Bullard identified no new evidence to support its motion for reconsideration, and instead focuses exclusively on reiterating arguments based on evidence that was presented to the Court at summary judgment. Finally, the Court's ruling was not a clear error of law or manifestly unjust. Instead of arguing that the Court made any clear error of law,[2] Defendant Bullard's motion for

---

[2] Defendant Bullard notes that a case cited by the Court, *Moldex-Metric, Inc. v. McKeon Prod., Inc.*, 891 F.3d 878 (9th Cir. 2018) ultimately found that there was a dispute of material fact regarding functionality. *Id.* at 887 (holding that "evidence that numerous color shades are equally or more visible…would result in the same function of visibility during compliance checks weighs against a finding of functionality"). In *Moldex-Metric*, the defendant presented admissible evidence that green/lime was the only color that would allow them good visibility and conspicuity. *Id.* Here, Defendant Bullard presented no evidence disputing that numerous color shades could serve the same purpose, and instead the only admissible evidence it identified, OSHA regulations and ANSI standards, were either irrelevant or pointed to other colors that could perform the same function. (*See* Dkt. No. 65 at 14 – 16.)

reconsideration is an almost verbatim recitation of arguments previously presented to the Court in Bullard's briefs for summary judgment. (*See* Dkt. Nos. 49, 57, 58, 68.) However, these arguments have already been discussed and decided by the Court. Defendant Bullard additionally identified no manifest injustice from the Court's Order. Therefore, the Court already considered and ruled on all of Defendant Bullard's arguments and Bullard cannot meet the standard for reconsideration under Rule 59(e).

## IV. Conclusion

For the reasons above, Defendant Bullard Company's motion for reconsideration (Dkt. No. 68) is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

February 5, 2019
Charleston, South Carolina